# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| HOTEL 71 MEZZ LENDER LLC, a Delaware limited liability company; and OAKTREE CAPITAL MANAGEMENT, L.P., a Delaware limited liability company; | Case No. 13-3306 |
| Plaintiffs, | |
| v. | Honorable Ruben Castillo |
| THE NATIONAL RETIREMENT FUND, | Magistrate Judge Brown |
| Defendant. | |
| THE NATIONAL RETIREMENT FUND and THE TRUSTEES OF THE NATIONAL RETIREMENT FUND, | |
| Counter Claimants, | |
| v. | |
| HOTEL 71 MEZZ LENDER LLC, a Delaware limited liability company; OAKTREE CAPITAL MANAGEMENT, L.P., a Delaware limited liability company; and JOHN DOES 1-10 (all other trades or businesses under common control with Chicago H&S Hotel Property, L.L.C.), | |
| Counter Defendants. | |

## AFFIDAVIT OF JAIMIE C. DAVIS, ESQ. IN SUPPORT OF DEFENDANT/COUNTER CLAIMANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

STATE OF NEW YORK   )
                       :     ss.:
COUNTY OF NEW YORK  )

**Jaimie C. Davis, Esq.**, being duly sworn, deposes and says:

1.      I am an Associate at Schulte Roth & Zabel LLP, counsel to Defendant/Counter Claimant, the National Retirement Fund (the "NRF"), and I make this declaration in support of the NRF's Memorandum of Law in Support of Defendant/Counter Defendants' Cross-Motion for Summary Judgment, based upon my personal knowledge of the facts recited herein and upon records maintained under my supervision.

2.      With regard to Chicago H&S Hotel Property LLC's Chapter 11 petition, the NRF filed, *inter alia*, a proof of claim on February 15, 2008 for contingent withdrawal liability, in the event Chicago H&S Hotel Property LLC withdrew from the NRF post-petition.

3.      Under Article IV, Section 7 of the NRF's Agreement and Declaration of Trust, if the NRF commences an action in court to collect a delinquent withdrawal liability amount and prevails, it is entitled to collect from the employer, *inter alia*, liquidated damages in an amount equal to the greater of interest on the delinquent amount or 20% of the delinquent amount. (A true and correct copy of Article IV of the NRF's Agreement and Declaration of Trust is annexed hereto as Exhibit A.)

4.      Further Affiant sayeth not.

_____
Jaimie C. Davis, Esq.

Subscribed and Sworn before me
this 19th day of July, 2013.

SCOTT A. GOLD
Notary Public, State of New York
No. 02GO5036707
Qualified in Westchester County
Commission Expires Dec. 5, 20__

2

# Exhibit A

AGREEMENT AND DECLARATION OF TRUST
UNITE HERE NATIONAL RETIREMENT FUND

Amended and Restated Effective as of February 3, 2009

SRZ-10834008.2

## ARTICLE IV – CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

      _Section 1._    An Employer under this Trust Agreement is obligated to make Contributions to the Fund when due, as required by a Participation Agreement, collective bargaining agreement, or applicable law.

      _Section 2._    An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund.

      _Section 3._    An Employer is obligated to furnish to the Trustees or their designee information and/or reports, in such form and manner as required by the Trustees, which may include the names of the employees, their Social Security numbers, the hours worked by each employee (including employees not covered by the Fund's plan of benefits as the Trustees may reasonably require), paid hours, unpaid hours, vacation, sick leave and such other information as the Trustees may require in connection with the administration of the Fund.

      _Section 4._    An Employer is obligated to make available to the Trustees, the Fund's counsel, auditors, or designee for inspection and copying at reasonable times on the premises of the Employer, its payroll and/or other records whenever the Trustees consider such an examination to be reasonably necessary or appropriate.

      _Section 5._    If the Trustees or Administrator deem(s) it necessary or appropriate to audit an Employer's Contributions to the Fund, upon request, such Employer is obligated to furnish to the Fund or its designee (the "Auditor") its payroll and other personnel and financial records with respect to present or former employees of the Employer which are necessary for the Auditor to determine the accuracy and completeness of the Contributions remitted to and the reports filed with the Fund by the Employer.

      _Section 6._    No Employer shall be entitled to, or may require, the return of any part of the Fund or any part of its Contributions or other payments except that: (a) a Contribution that is made by an Employer by a mistake of fact or law may, if the Trustees conclude that the facts and circumstances so warrant, be credited to the Employer (except as otherwise determined by the Trustees) by the Trustees within six (6) months after the Trustees, in their sole discretion, determine that the Contribution was made by mistake; and (b) a Contribution conditioned upon the deductibility of the Contribution under the Code or the PR Code, as applicable, may be credited to an Employer by the Trustees, at the discretion of the Trustees, within one (1) year after a disallowance of the deduction.

DEFAULT BY AN EMPLOYER

      _Section 7._    The Trustees shall from time to time adopt a collection policy that shall provide that an Employer who does not make Contributions within a certain time frame shall be deemed in default of its obligations under the Trust Agreement. If an Employer defaults on its obligations to make Contributions to the Fund, the Trustees or the Administrator may

commence against the Employer, or any other individual or entity that may be liable to the Fund for the Contributions, an action in court or an arbitration. The Employer (or other individual or entity) shall be liable to the Fund for all costs incurred by the Fund in collecting such delinquent amounts, including arbitration fees, interest, auditors' fees, attorneys' fees and costs, court costs (including filing fees and service of process costs), incurred by the Fund in the collection of the Employer's Contributions or other payments. The Employer (or other individual or entity) shall also be liable to the Fund for: interest at the rate of one percent (1%) per month or part thereof (or at such other rate as the Trustees may from time to time determine), and liquidated damages at an amount equal to the greater of interest on the delinquent Contributions or twenty percent (20%) of the delinquent Contributions.

Section 8. In the event that an Employer fails: to provide adequate reports or records; to provide adequate information when the Trustees or the Administrator request such information pursuant to the Retirement Plan, this Agreement, or the applicable law; or to permit audits by the Fund, the Trustees or Administrator may a commence legal action in court or an arbitration against the Employer or any other individual or entity that may be liable to the Fund. If the Employer is deemed to have violated its obligations under this Agreement and Declaration of Trust, the Employer shall pay the costs of the action or arbitration, including arbitration fees, attorneys' fees and costs, and court costs (including filing fees and service of process costs).

Section 9. Nonpayment by an Employer of any Contribution or other monies owed to the Fund shall not relieve any other Employer from its obligations to make required payments to the Fund.

Section 10. The Trustees may require any Employer who, in the opinion of the Trustees, demonstrates a habitual pattern of delinquency of payments of Contributions to the Fund to remit to the Fund an advance deposit, obtain a letter of credit, provide payment into an escrow account, and/or provide appropriate security as the Trustees may require for up to three (3) months of Contributions.

## ARTICLE V – TRUSTEE OFFICES, MEETINGS, AND DESIGNATION

Section 1. Subject to vacancies, there shall be forty-six (46) Trustees, twenty-three (23) of whom shall be designated in accordance with Article V, Section 9 (the "Union Trustees") and twenty-three (23) of whom shall be designated in accordance with Article V, Section 9 (the "Employer Trustees"). With respect to each committee of the Trustees, there shall be at least two (2) Trustees, one (1) of whom shall be designated by the Employer Trustees and one (1) of whom shall be designated by the Union Trustees (other than the Banking Committee, if so established). With respect to the Banking Committee, if so established, there shall be at least one (1) Trustee, who shall be designated by the Employer Trustees.

Section 2. Each of the aforesaid Union Trustees and each of their successors shall serve as a Trustee hereunder only if he or she is an officer or employee of the Union or of an affiliate of the Union. Each Employer Trustee and each of their successors shall serve as an Employer Trustee hereunder only if he or she, or the entity of which he or she is a member, partner, officer, director, board member, consultant or employee, or the members of the

# Exhibit 2

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HOTEL 71 MEZZ LENDER LLC, a Delaware limited liability company; and OAKTREE CAPITAL MANAGEMENT, L.P., a Delaware limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL RETIREMENT FUND,<br><br>Defendant. | Case No. 13-3306<br><br><br>Honorable Ruben Castillo<br><br>Magistrate Judge Brown |
| THE NATIONAL RETIREMENT FUND and THE TRUSTEES OF THE NATIONAL RETIREMENT FUND,<br><br>Counter Claimants,<br><br>v.<br><br>HOTEL 71 MEZZ LENDER LLC, a Delaware limited liability company; OAKTREE CAPITAL MANAGEMENT, L.P., a Delaware limited liability company; and JOHN DOES 1-10 (all other trades or businesses under common control with Chicago H&S Hotel Property, L.L.C.),<br><br>Counter Defendants. | |

## AFFIDAVIT OF RICHARD N. RUST IN SUPPORT OF DEFENDANT/COUNTER CLAIMANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

STATE OF RHODE ISLAND)
:   ss.:
COUNTY OF PROVIDENCE)

**Richard N. Rust**, being duly sworn, deposes and says:

   1.  I am the Fund Manager of Defendant/Counter Claimant, the National Retirement Fund (the "NRF"), and I make this declaration in support of the NRF's Memorandum of Law in Support of Defendant/Counter Claimants' Cross-Motion for Summary Judgment, based upon my personal knowledge of the facts recited herein and upon records maintained under my supervision.

   2.  The July 2008 purchaser of Chicago H&S Hotel Property, LLC's ("H&S's") assets did not provide the NRF a bond or an amount held in escrow in connection with the sale.

   3.  Among other claims, the NRF filed a proof of claim in the H&S bankruptcy proceeding for withdrawal liability triggered by the July 2008 sale of H&S's assets in the estimated amount of $1,276,271.33.

   4.  On June 21, 2011, the NRF received a final distribution from the H&S bankruptcy proceeding in the amount of $44,969.02.

   5.  On May 3, 2013, the NRF received an additional distribution from the H&S bankruptcy proceeding in the amount of $23,974.38.

   6.  On July 10, 2013, the NRF received payment from Mezz Lender in the amount of $72,898.69, representing payment of the installment payment due from Mezz Lender and the other members of H&S's controlled group on May 1, 2013 plus interest through July 10, 2013.

7.     To date, the NRF has not received payment of the liquidated damages, attorneys' fees and costs due with respect to the installment payment due from Mezz Lender and the other members of H&S's controlled group on May 1, 2013 but paid on July 10, 2013.

8.     Attached as Exhibit A is a true and correct copy of the letter dated April 1, 2013 from counsel for the NRF to counsel for Mezz Lender.

9.     Attached as Exhibit B is a true and correct copy of the letter dated May 9, 2013 from the NRF to counsel for Mezz Lender.

10.    Further Affiant sayeth not.

_____
                          Richard N. Rust

Subscribed and Sworn before me
this 17th day of July, 2013.

OFFICIAL SEAL
MONICA BAUMAN
NOTARY PUBLIC - RHODE ISLAND
Commission Expires February 18, 2017

3

# Exhibit A

# Schulte Roth & Zabel LLP

919 Third Avenue
New York, NY 10022
212.756.2000
212.593.5955 fax

www.srz.com

Writer's Direct Number
212.756.2593

Writer's E-mail Address
Jaimie.Davis@srz.com

April 1, 2013

**VIA EMAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Hotel 71 Mezz Lender LLC
c/o Oliver Olanoff, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193

Re: Chicago H&S Hotel Property, LLC Withdrawal Liability

Dear Mr. Olanoff:

Schulte Roth & Zabel LLP is counsel to the National Retirement Fund (the "Fund"). Further to our telephone conversation on March 14, 2013, we write regarding amounts due to the Fund by your client, Hotel 71 Mezz Lender LLC ("Hotel 71") resulting from the withdrawal of Chicago H&S Hotel Property, LLC ("H&S") from the Fund.

Prior to July 16, 2008, H&S was obligated to contribute to the HEREIU Pension Fund and then to the Fund (following the September 30, 2007 merger of the HEREIU Pension Fund into the Fund) pursuant to various collective bargaining agreements with UNITE HERE Local 1. The Board of Trustees of the Fund determined that H&S's obligation to contribute to the Fund ceased on or about July 16, 2008, triggering H&S's complete withdrawal from the Fund. As of the result of the withdrawal, H&S became liable to the Fund for withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA").

Under ERISA, all trades or businesses under common control with H&S as of the date of H&S's withdrawal are jointly and severally liable to the Fund for H&S's withdrawal liability. *See* Section 4001(b)(1) of ERISA; 29 C.F.R. §§ 4001.2, 4001.3. At all relevant times, Hotel 71 was a trade or business under common control with H&S. This letter supplies notice of the liability of Hotel 71 (and of any other members of H&S's controlled group) resulting from H&S's withdrawal from the Fund.

DOC ID - 19720416.1

Hotel 71 Mezz Lender LLC
April 1, 2013
Page 2

       Attached is a copy of how the withdrawal liability was determined. The Fund reserves the right to revise this assessment at any time due to new information that may alter the liability. ERISA provides that the amount of the withdrawal liability is to be paid in equal quarterly installments over the number of years necessary to amortize the amount of the liability in level annual payments calculated in accordance with Section 4219(c)(i)(1).

       The amount of withdrawal liability allocable to H&S and its controlled group is $2,169,754. To date, the Fund has received $44,969.02 from H&S as payment for H&S's withdrawal liability. The balance of the total liability is payable in forty-three (43) quarterly installments of $71,258.77 each, plus a final payment of $11,046.65. Installments should be made payable to the "National Retirement Fund" and remitted to the Fund at the following address: National Retirement Fund, 6 Blackstone Valley Place, Suite 302, Lincoln, RI 02865. The first installment is due by May 1, 2013.

                          Sincerely,

                          *Jaimie Davis*

                          Jaimie C. Davis

w/Attachment

cc:      *(via email)*
          Mr. Richard Rust
          Ronald Richman, Esq.

# HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION PENSION FUND

Withdrawal liability for:
CHICAGO H&S HOTEL PROPERTY LL

| | |
|---|---|
| Employer # | 460282 |
| Initial Method | 15 |
| Old Fund # | 514 |

Joined after 1993   N

Initial Liability

| | |
|---|---|
| 1989 | $0.00 |
| 1990 | $0.00 |
| 1991 | $0.00 |
| 1992 | $0.00 |
| 1993 | $0.00 |
| Sum of contributions | $0.00 |
| All Remaining Er's' Cont | $43,172,532.00 |
| UVB at merger | $51,364,800.00 |
| Employer's Share | $0.00 |
| 1st yr attributable UVB | $78,858,054.00 |
| Adjusted UVB | $39,494,046.00 |
| Employer's Share | $0.00 |

Calc for 501 funds  Sum for 505 funds (see second sheet)
Rolling 5-Method   $0.00

| Year Dec. 31 | Employer Contributions Payable | (1) Employer 5-year sum of contributions | Rolling Five Year Contribution Totals | | Liability Pools At 12/31/2007 | | | | Allocated |
|---|---|---|---|---|---|---|---|---|---|
| | | | (2) All Employers 5-year sum of contributions* | (3) Pre-95 Employers 5-year sum of contributions* | (4) All Employers Unamortized Portion | (5) Pre-95 Employers Unamortized Portion | (6) All Employers Reallocated uncollectible amounts | (7) Pre-95 Employers Reallocated uncollectible amounts | (8) = (1)/(2) × ((4) + (6)) + (1)/(3) × ((5) + (7)) |
| 1991 | $0.00 | | | | | | | | |
| 1992 | $0.00 | | | | | | | | |
| 1993 | $0.00 | | | | | | | | |
| 1994 | $0.00 | | | | | | | | |
| 1995 | $0.00 | $0 | $52,441,426 | $52,384,784 | ($39,496,151) | $6,103,135 | $0 | $125,348 | $0.00 |
| 1996 | $0.00 | $0 | $55,529,354 | $54,253,073 | ($36,186,927) | $3,903,890 | $0 | $191,547 | $0.00 |
| 1997 | $0.00 | $0 | $60,256,877 | $57,631,566 | ($37,215,465) | $8,667,245 | $0 | $1,291,348 | $0.00 |
| 1998 | $0.00 | $0 | $68,109,977 | $62,552,707 | ($36,664,409) | $6,949,043 | $0 | $967,498 | $0.00 |
| 1999 | $0.00 | $0 | $78,932,041 | $68,774,990 | ($34,462,016) | $6,871,017 | $0 | $1,535,938 | $0.00 |
| 2000 | $0.00 | $0 | $94,102,944 | $80,131,958 | $108,798 | $24,519,514 | $0 | $1,380,973 | $0.00 |
| 2001 | $123,634.00 | $123,634 | $106,435,574 | $90,434,527 | $20,993,953 | $13,497,039 | $0 | $376,621 | $43,359.90 |
| 2002 | $146,642.00 | $270,276 | $125,574,205 | $105,316,957 | $41,256,463 | $17,340,510 | $0 | $1,463,318 | $137,027.24 |
| 2003 | $180,082.00 | $450,358 | $139,418,139 | $116,918,282 | ($36,647,526) | $21,291,976 | $0 | $438,046 | $62,189.06 |
| 2004 | $194,039.00 | $644,397 | $156,199,949 | $131,274,271 | ($313,735) | $22,578,697 | $0 | $1,835,957 | $119,406.23 |
| 2005 | $255,064.00 | $899,461 | $161,363,484 | $133,176,139 | $13,963,798 | $23,182,352 | $0 | $731,870 | $239,199.31 |
| 2006 | $184,770.00 | $960,597 | $175,033,412 | $140,805,533 | $73,908,337 | $26,006,268 | $0 | $3,917,933 | $609,839.82 |
| 2007 | $203,625.00 | $1,017,780 | $203,712,499 | $158,603,198 | $14,886,872 | $34,334,751 | $5,943,413 | $10,289,327 | $390,638.01 |

$1,601,659.58

| | | | |
|---|---|---|---|
| Pre-1995 Liability: | Liability Allocated 50 | Years since 1995 13 | Pct Amortized 65% |

Allocated $0.00
Allocated $1,601,659.58

CHEIRON

* Excludes contributions for those who withdrew in prior years.

National Retirement Fund
(Formerly HERE IU Pension Fund Obligation)

Chicago H&S (Hotel 71)

| | | |
|---|---|---:|
| 1. | December 31, 2007 UVB allocation | $ 1,601,660 |
| 2. | Item #1 with interest to<br>December 31, 2008 (no interest) | $ 1,601,660 |
| 3. | Item #2 with interest (fr 1/1/2009) to<br>December 31, 2009 (8.0% per annum) | $ 1,729,792 |
| 4. | Item #3 with interest to<br>December 31, 2010 (8.0% per annum) | $ 1,868,176 |
| 5. | Item #7 with interest to<br>June 21, 2011 (8.0% per annum) | $ 1,935,249 |
| 6. | Less June 21, 2011 payment<br>($44,969.02) | $ 1,890,280 |
| 7. | Item #6 with interest (fr 6/21/2011) to<br>December 31, 2011 (8.0% per annum) | $ 1,970,747 |
| 8. | Item #7 with interest to<br>December 31, 2012 (8.0% per annum) | $ 2,128,406 |
| 9. | Item #8 with interest to<br>March 31, 2013 (8.0% per annum) | $ 2,169,754 |

| Employer # | Employer Name | Year of Contribution | Contribution Payment Amount | Contribution for CBUs | Rate $ / Month | CBU Month/Year | Average CBU's |
|---|---|---|---|---|---|---|---|
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2008 | $ 222,337.80 | $ 222,337.80 | $ 224.58 | 990.02 | 990.59 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2007 | $ 203,825.00 | $ 203,825.00 | $ 205.58 | 991.46 | 1,120.96 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2006 | $ 184,770.00 | $ 184,770.00 | $ 186.58 | 990.30 | 1,144.34 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2005 | $ 255,064.00 | $ 255,064.00 | $ 184.68 | 1,381.11 | 1,146.10 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2004 | $ 194,039.00 | $ 194,039.00 | $ 182.78 | 1,061.60 | 958.84 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2003 | $ 180,082.00 | $ 180,082.00 | $ 180.88 | 995.59 | 881.59 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2002 | $ 146,642.00 | $ 146,642.00 | $ 178.98 | 819.32 | 549.73 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2001 | $ 123,634.00 | $ 123,634.00 | $ 148.98 | 829.87 | 276.62 |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 2000 | $ - | $ - | $ - | - | - |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 1999 | $ - | $ - | $ - | - | - |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 1998 | $ - | $ - | $ - | - | - |
| 460282 | CHICAGO H&S HOTEL PROPERTY LLC | 1997 | $ - | $ - | $ - | - | - |

hi average 98-07  1,146.10
hi rate 99-08 $  248.70

req ann pmt  285,035.08
qly pmt  71,258.77

EMPLOYER: CHICAGO H&S HOTEL PROPERTY LLC

wdly year: 2008

01-Apr-13

Schedule 1 -- with interest

AMORTIZATION SCHEDULE

| | | WDL AMOUNT | $ 2,169,753.81 | INTEREST | 8.00% | |
|---|---|---|---|---|---|---|
| | | QLY PAYMENT | 71,258.77 | No. of Years | | 10.7887554 |
| | | | 285,035.08 | No. of Quarters | | 43.1550216 |

| | PYMT DATE | PAYMENT $ | INTEREST | PRINCIPAL | BALANCE |
|---|---|---|---|---|---|
| | | | | | $2,169,753.81 |
| 1 | 01-May-13 | $71,258.77 | $0.00 | $71,258.77 | $2,098,495.04 |
| 2 | 01-Aug-13 | $71,258.77 | $0.00 | $71,258.77 | $2,027,236.27 |
| 3 | 01-Nov-13 | $71,258.77 | $0.00 | $71,258.77 | $1,955,977.50 |
| 4 | 01-Feb-14 | $71,258.77 | $0.00 | $71,258.77 | $1,884,718.73 |
| 5 | 01-May-14 | $71,258.77 | $150,777.50 | ($79,518.73) | $1,964,237.46 |
| 6 | 01-Aug-14 | $71,258.77 | $0.00 | $71,258.77 | $1,892,978.69 |
| 7 | 01-Nov-14 | $71,258.77 | $0.00 | $71,258.77 | $1,821,719.92 |
| 8 | 01-Feb-15 | $71,258.77 | $0.00 | $71,258.77 | $1,750,461.15 |
| 9 | 01-May-15 | $71,258.77 | $140,036.89 | ($68,778.12) | $1,819,239.27 |
| 10 | 01-Aug-15 | $71,258.77 | $0.00 | $71,258.77 | $1,747,980.50 |
| 11 | 01-Nov-15 | $71,258.77 | $0.00 | $71,258.77 | $1,676,721.73 |
| 12 | 01-Feb-16 | $71,258.77 | $0.00 | $71,258.77 | $1,605,462.96 |
| 13 | 01-May-16 | $71,258.77 | $128,437.04 | ($57,178.27) | $1,662,641.22 |
| 14 | 01-Aug-16 | $71,258.77 | $0.00 | $71,258.77 | $1,591,382.45 |
| 15 | 01-Nov-16 | $71,258.77 | $0.00 | $71,258.77 | $1,520,123.68 |
| 16 | 01-Feb-17 | $71,258.77 | $0.00 | $71,258.77 | $1,448,864.91 |
| 17 | 01-May-17 | $71,258.77 | $115,909.19 | ($44,650.42) | $1,493,515.34 |
| 18 | 01-Aug-17 | $71,258.77 | $0.00 | $71,258.77 | $1,422,256.57 |
| 19 | 01-Nov-17 | $71,258.77 | $0.00 | $71,258.77 | $1,350,997.80 |
| 20 | 01-Feb-18 | $71,258.77 | $0.00 | $71,258.77 | $1,279,739.03 |
| 21 | 01-May-18 | $71,258.77 | $102,379.12 | ($31,120.35) | $1,310,859.38 |
| 22 | 01-Aug-18 | $71,258.77 | $0.00 | $71,258.77 | $1,239,600.61 |
| 23 | 01-Nov-18 | $71,258.77 | $0.00 | $71,258.77 | $1,168,341.84 |
| 24 | 01-Feb-19 | $71,258.77 | $0.00 | $71,258.77 | $1,097,083.07 |
| 25 | 01-May-19 | $71,258.77 | $87,766.65 | ($16,507.88) | $1,113,590.94 |
| 26 | 01-Aug-19 | $71,258.77 | $0.00 | $71,258.77 | $1,042,332.17 |
| 27 | 01-Nov-19 | $71,258.77 | $0.00 | $71,258.77 | $971,073.40 |
| 28 | 01-Feb-20 | $71,258.77 | $0.00 | $71,258.77 | $899,814.63 |
| 29 | 01-May-20 | $71,258.77 | $71,985.17 | ($726.40) | $900,541.03 |
| 30 | 01-Aug-20 | $71,258.77 | $0.00 | $71,258.77 | $829,282.26 |
| 31 | 01-Nov-20 | $71,258.77 | $0.00 | $71,258.77 | $758,023.49 |
| 32 | 01-Feb-21 | $71,258.77 | $0.00 | $71,258.77 | $686,764.72 |
| 33 | 01-May-21 | $71,258.77 | $54,941.18 | $16,317.59 | $670,447.13 |
| 34 | 01-Aug-21 | $71,258.77 | $0.00 | $71,258.77 | $599,188.36 |
| 35 | 01-Nov-21 | $71,258.77 | $0.00 | $71,258.77 | $527,929.59 |
| 36 | 01-Feb-22 | $71,258.77 | $0.00 | $71,258.77 | $456,670.82 |
| 37 | 01-May-22 | $71,258.77 | $36,533.67 | $34,725.10 | $421,945.72 |
| 38 | 01-Aug-22 | $71,258.77 | $0.00 | $71,258.77 | $350,686.95 |
| 39 | 01-Nov-22 | $71,258.77 | $0.00 | $71,258.77 | $279,428.18 |
| 40 | 01-Feb-23 | $71,258.77 | $0.00 | $71,258.77 | $208,169.41 |
| 41 | 01-May-23 | $71,258.77 | $16,653.55 | $54,605.22 | $153,564.19 |
| 42 | 01-Aug-23 | $71,258.77 | $0.00 | $71,258.77 | $82,305.42 |
| 43 | 01-Nov-23 | $71,258.77 | $0.00 | $71,258.77 | $11,046.65 |
| 44 | 01-Feb-24 | $11,046.65 | $0.00 | $11,046.65 | $0.00 |

# Exhibit B

# NATIONAL RETIREMENT FUND

6 Blackstone Valley Place, Suite 302
Lincoln, RI 02865-1112

Phone: 401.334.4155
Fax: 401.334.5133

May 9, 2013

Hotel 71 Mezz Lender, LLC
c/o William J Kilberg, P.C.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue NW
Washington, DC  20036-5306

RE:  Withdrawal Liability

Dear Mr. Kilberg:

Schulte Roth & Zabel, LLC, on behalf of the Plan Sponsors of the National Retirement
Fund (the "Fund"), informed you by demand letter of the withdrawal liability incurred by
Hotel 71 Mezz Lender, LLC by virtue of the Multiemployer Pension Plan Amendments
Act of 1980.

We have not received the withdrawal liability payment due on May 1st, 2013.  The
amount due of $71,258.77 is now accumulating interest on a daily basis until payment is
received.

Please be advised that if we do not receive payment within sixty (60) days of receipt of
this letter, subject to 29 C.F.R. § 4219.31, Hotel 71 Mezz Lender, LLC will be in default.
If default occurs, Hotel 71 Mezz Lender, LLC will be liable for payment of the withdrawal
liability in full plus interest in accordance with the provisions of the Multiemployer
Pension Plan Amendments Act of 1980.

Therefore, please arrange for Hotel 71 Mezz Lender, LLC to send us a check in the
amount of $71,258.77 as soon as possible.  Upon receipt of this check, we will advise
you of the interest due.

Very truly yours,

RICHARD N. RUST
Fund Manager

Cc:    Jaimie Davis, Esquire
       Ronald E Richman, Esquire

RNR/mb

CERTIFIED MAIL/RETURN RECEIPT REQUESTED

515