B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT __Northern__ DISTRICT OF __Illinois__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Chicago H&S Hotel Property, LLC | Case Number: 07-20088 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**UNITE HERE National Retirement Fund**

Name and address where notices should be sent:
c/o Schulte Roth and Zabel LLP
Attn: Erica Frank
919 Third Avenue, New York, New York 10022
Telephone number: 212-756-2000

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: __94__
(*If known*)

Filed on: 02/15/08

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 1,222,002.33

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Withdrawal Liability
(*See instruction #2 on reverse side.*)

**3. Last four digits of any number by which creditor identifies debtor:** 286

   **3a. Debtor may have scheduled account as:** HEREIU Pension Fund
   (*See instruction #3a on reverse side.*)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate ___ %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $_____  Basis for perfection: _____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| 11/10/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------- X
In re:                                                    :
                                                         :   Chapter 11

CHICAGO H&S HOTEL PROPERTY, LLC,     :   Case No. 07-20088
                                              :
                    Debtor.          :
---------------------------------------------------------- X

## ADDENDUM TO AMENDED PROOF OF CLAIM FILED BY
## UNITE HERE NATIONAL RETIREMENT FUND

1. The undersigned, having an office at 6 Blackstone Valley Place, Suite 302, Lincoln, RI, 02865, is the Fund Manager of the UNITE HERE National Retirement Fund ("Claimant") and, being duly authorized to execute and file this amended proof of claim (the "Claim") on Claimant's behalf and in support thereof, states as follows:

### Basis of Claim

2. The Claim is evidenced by various documents and instruments (collectively, the "Operative Documents"), including, without limitation, the Agreement Between Joint Chicago Executive Board Of The Unite Here, Local 1 And Unite Here Local 450 And Chicago H&S Hotel Property, LLC (D/B/A Hotel 71) (the "Collective Bargaining Agreement"). Pursuant to the Collective Bargaining Agreement, Chicago H&S Hotel Property, LLC (d/b/a Hotel 71) (the "Debtor") agreed to make contributions on behalf of all of its covered employees to various fringe benefit funds, including, but not limited to, the Retirement Fund (collectively, the "Retirement Fund"). The Retirement Fund is managed by the trustees of Claimant and is a multiemployer pension plan. See 29 U.S.C. § 1002(37).

SRZ-10781114.3

CHICAGO H&S HOTEL PROPERTY, LLC (D/B/A HOTEL 71)
07-20088
Addendum to Amended Proof of Claim

3. As of October 29, 2007 (the "Petition Date"), the Collective Bargaining Agreement was in full force and effect.

4. The Debtor scheduled the Collective Bargaining Agreement as a pension plan that it had entered into within the past 6 years. See Question 25 to the Debtor's Statement of Financial Affairs.

5. The Bankruptcy Court set February 19, 2008 as the last day to file a claim against the Debtor (the "Bar Date"). Claimant properly filed proofs of claim prior to the Bar Date, including a contingent proof of claim for potential withdrawal liability in the event that the Debtor liquidated or otherwise withdrew from the Retirement Fund.

6. On November 9, 2007, the Debtor moved to sell substantially all of its assets.

7. On March 21, 2008, the Bankruptcy Court entered an order confirming the Debtor's second amended liquidating plan of reorganization (the "Plan"). On the same day, after entry of the order confirming the Plan, the Court entered an order (the "Sale Order") approving the sale of all of the Debtor's assets to its senior lender, Wells Fargo, as trustee (the "Trustee") for Credit Suisse First Boston Securities Corp. The Sale Order approved the assumption and assignment of the Collective Bargaining Agreement to the Trustee. Under the Sale Order, the Trustee agreed to "assume all obligations of [the Debtor] and its estate arising from and after the closing under the Assumed Contracts and, pursuant to section 365(k) of the Bankruptcy Code or otherwise, shall divest [the Debtor] and its estate (and [the Debtor] and its estate shall be relieved) of all liability with respect to the Assumed Contracts." See Sale Order, p. 8, Para. 13.

8. The sale closing was extended on several occasions, but finally took place on July 16, 2008, which is the Plan's effective date (the "Effective Date").

SRZ-10781114.3

2

CHICAGO H&S HOTEL PROPERTY, LLC (D/B/A HOTEL 71)
07-20088
Addendum to Amended Proof of Claim

9. On the Effective Date, the Debtor incurred a complete withdrawal from the Retirement Fund due to the sale of substantially all of its assets. The sale did not meet the requirements of Section 4204 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1384, or the regulations promulgated thereunder, 29 C.F.R. § 4204.1 et seq., which exempt a sale of assets under certain circumstances. The sale of assets did not meet the requirements of Section 4204 of ERISA because (a) the Trustee did not post a bond or place an amount in escrow pursuant to Section 4204(a)(1)(B) or seek a variance from such requirement pursuant to the regulations; (b) the contract for sale did not provide that if the Trustee were to withdraw from the Retirement Fund during the first five plan years after the sale, the Debtor shall be secondarily liable for any withdrawal liability that it would have had but for the application of Section 4204; and (c) the Debtor did not post a bond or place an amount in escrow pursuant to Section 4204(a)(3). Merely assigning the Collective Bargaining Agreement to the Trustee does not absolve the Debtor of withdrawal liability to the Retirement Fund.

10. The Operative Documents are too voluminous to attach hereto and copies will be made available upon written request to Claimant's attorneys.

11. The consideration for the indebtedness described above consists of work provided to or for the benefit of the Debtor by union members.

12. The amounts of all payments on this claim by the Debtor have been credited and deducted for the purpose of making this proof of claim.

13. All notices and distributions in respect of this claim should be forwarded to:

> UNITE HERE National Retirement Fund
> 6 Blackstone Valley Place, Suite 302,
> Lincoln, RI 02865
> Attn: Richard Rust, Fund Manager

SRZ-10781114.3

3

CHICAGO H&S HOTEL PROPERTY, LLC (D/B/A HOTEL 71)
07-20088
Addendum to Amended Proof of Claim

    With a copy to:

    Schulte Roth & Zabel LLP
    919 Third Avenue
    New York, New York 10022
    Attn: Ronald E. Richman, Esq.
      Erica Frank, Esq.

  14. This Claim is filed under compulsion of the Bar Date set in this case and is filed to protect Claimant from forfeiture of its claim by reason of said Bar Date. Filing of this Claim is not and should not be construed to be: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case against or otherwise involving the Claimant; (c) a waiver of any right to the subordination, in favor of Claimant, of indebtedness or liens held by creditors of the Debtor or affiliated debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of Claimant.

15. The Claimant reserves the right to amend, modify, or supplement this amended Claim, including without limitation, its right: (a) to specify (and quantify) costs, expenses, and other charges or claims incurred by or owed to the Claimant, (b) to file any separate or additional proof(s) of claim with respect to the claim set forth herein or otherwise (which proof(s) of claim, if so filed, shall not be deemed to supersede this proof of claim); (c) to amend, modify or supplement this amended Claim in any respect, including with respect to the filing of an additional or amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (d) to file additional proofs of claim in respect of additional claims or for any other reason; and (e) against third parties, including without limitation, any affiliates of the Debtor.

Dated: November 10, 2008

UNITE HERE NATIONAL RETIREMENT FUND

By: _____
Title: Fund Manager